JOHN B. FARRINGTON, Surviving Partner, *v.* JOHN A. ALLEN & others.

Where a debtor was on the same day committed to jail upon two executions at the suit of the same creditor, upon each of which commitments he executed a bond with sureties for the liberty of the prison-yard, and within thirty days of his said commitments executed to the jailer but *one* assignment for the benefit of his creditors, *Held*: that he had complied literally, as well as substantially, with the requirement of sect. 4, ch. 197, of the Revised Statutes; and, although he did not return to close jail within said thirty days, had committed no escape upon either of his said bonds.

MOTION for a new trial, on the ground that the judge presiding at the trial misdirected the jury in the matter of law.

38 *

The action was debt, for an escape upon a bond for the liberty of the jail-yard in the county of Providence, in which the issue in substance made by the pleadings was, whether the principal defendant, John A. Allen, had, according to the requirement of ch. 197, sec. 4, of the Revised Statutes, and the condition of his bond, made an assignment of all his property for the benefit of his creditors, within thirty days of his commitment; he not having returned to close jail, within that time. At the trial before the chief justice, with a jury, at the present term of this court, it appeared, that on the 11th day of December, 1858, Allen was committed to jail on an execution in favor of Smedes & Farrington, of which firm the plaintiff is surviving partner, and gave the bond for the limits of the prison-yard, upon which this action is brought. On the same day, Allen had just before been committed to the same jail on another execution in favor of said Smedes & Farrington, for which he had also given bond to the jailer for the liberty of the prison-yard. It also appeared, that within thirty days from said 11th day of December, 1858, said Allen had made only one assignment to the jailer, in the form required by ch. 197 of the Revised Statutes. The counsel for the plaintiff thereupon requested the court to charge the jury, that the assignment of John A. Allen as aforesaid could apply only to the first commitment of said Allen, made within thirty days of said assignment, and not to any other commitment made within said thirty days, and subsequent to said first commitment. But the court refused so to instruct the jury, but did instruct them, that if they found that said Allen did, within thirty days from the 11th day of December, 1858, make an assignment of all his estate of every kind, not exempt from attachment by law, and wherever the same might be, to the keeper of the jail and his successor in office, his heirs, and assigns, in trust, for the equal benefit of all said Allen's creditors in proportion to their demands, this was a fulfilment of the condition of the bond sued. Under this instruction the jury having returned a verdict in favor of the defendants, the plaintiff now moved for a new trial, upon the ground, that the jury had in this respect been misinstructed in matter of law.

Farrington *v.* Allen & others.

*Ballou & Brownell,* for the plaintiff.

*Thurston & Ripley,* for the defendants.

BOSWORTH, J. Persons imprisoned for want of bail in civil actions, or on execution in any civil action, (with exceptions provided by statute,) may have the liberty of the jail-yard, upon giving bond with sureties, as provided by the 2d sect. of chap. 197 of the Revised Statutes. By sect. 4 of the same chapter it is provided, that no person committed on execution shall have this privilege for more than thirty days, unless he shall, within that time, make an assignment to the jailer of all his property, for the equal benefit of his creditors.

In this case, the defendant Allen was committed on two executions in favor of the plaintiff. In each case he gave bond for the liberty of the jail-yard; and within thirty days executed an assignment to the jailer according to the requirements of the statute. Having given bond on each execution, and having made one assignment within thirty days from commitment on both executions, he keeps the liberty of the jail-yard; and the plaintiff now sues on one of the bonds as for an escape. The plaintiff contends, that this is an escape as defined by the sixth section of the act contained in chap. 107 of the Revised Statutes. The judge, at the trial, ruled otherwise; and for this alleged error of ruling, the plaintiff asks for a new trial.

The provision of the 6th section is, that if the person committed on execution shall neglect to render himself to the keeper of the jail within thirty days, or make an assignment as before provided, he shall be deemed to have committed an escape under his bond for the liberty of the jail-yard.

The defendant has literally complied with the terms of the statute. On whichever of these bonds he may be sued, he may truly reply, that he has made an assignment within thirty days from his commitment; and this is all that the statute, by its terms, requires of him. If he had made two assignments at the same time, which is all that the plaintiff contends that he should have done, he would have done no more. By one assignment he conveys all the property which he has, and by two he could convey no more. He has, therefore, complied, as it seems to us, with the spirit of the law as well as with the letter

of it. Under the circumstances of this case, the ruling of the court at the trial was most exactly in accordance with the law, regarding both its substantial requirements and its strict literal construction.

But it was argued at the bar, that the peculiar circumstances of this case could not exempt it from the rule required by the general policy of the law; and that the policy of the law required that an assignment should be made with reference to each execution on which the debtor is committed. A subsequent section of the statute provides, that the jailer may, on request of the creditor in execution, assign or transfer the assignment to such creditor, and thus exempt himself from liability for any property of the debtor other than that which he actually receives. The plaintiff in this case, treating this provision as giving a right to the creditor to have the assignment on request, argues, that the policy of the law requires that there must be an assignment with reference to each execution, because, if there are several creditors in execution, each creditor has a right to a transfer of the assignment from the jailer. A sufficient answer to this argument would be, that the transfer of the assignment is not made the right of the creditor, but *is*, on request made by him, at the option of the jailer, to whom the assignment in the first instance is made. If the jailer receives the assignment and transfers it to one creditor, of course he cannot also transfer the same assignment to another; and if he had two assignments executed to him by the same debtor, as the plaintiff contends he should have if the debtor is committed on two executions, a conveyance to the same creditor of both assignments would be a mere form as to one assignment; and if made to different creditors in execution, would either be an empty form as to one assignment, or would create rival claims to the same property under the two assignments.

The literal interpretation of the statute is, therefore, the sensible one. Having made an assignment within thirty days from the time of his commitment on both executions, the debtor is not liable on either bond as for an escape.

The petition for new trial must be refused, with costs.